IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRYSTAL WATSON,<br><br>                    Plaintiff,<br><br>      v.<br><br>CAMDEN COUNTY JAIL,<br><br>                    Defendant. | HONORABLE JEROME B. SIMANDLE<br><br><br>        Civil Action<br>No. 16-05787(JBS-AMD)<br><br><br>        **OPINION** |

APPEARANCES:

Crystal Watson, Plaintiff Pro Se
1216 Vinings Way
Newark, De 19702

**SIMANDLE, Chief District Judge:**

**I.    INTRODUCTION**

     Plaintiff Crystal Watson seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ"). Complaint, Docket Entry 1. Based on Plaintiff's affidavit of indigency, the Court will grant her application to proceed *in forma pauperis*.

     At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below it is clear from the complaint

that the claim arose more than two years before the complaint

was filed. It is therefore barred by the two-year statute of

limitations that governs claims of unconstitutional conduct

under 42 U.S.C. § 1983. The Court will therefore dismiss the

complaint with prejudice for failure to state a claim. 28 U.S.C.

§ 1915(e)(2)(b)(ii).

## II.   BACKGROUND

Plaintiff alleges that in 1995 and 1998, she was detained

in the CCJ. Complaint § III. She further states: "Conditions

were very poor sleeping on floors, rooms flooding over crowded

cells, meals (very cold at times) poor medical care, no

recreation. Very cold stayed sick, dirty showers, soiled linen."

*Id.*

## III. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints

prior to service of the summons and complaint in cases in which

a plaintiff is proceeding *in forma pauperis*. The Court must *sua*

*sponte* dismiss any claim that is frivolous, is malicious, fails

to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.

This action is subject to *sua sponte* screening for dismissal

under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding

*in forma pauperis*.

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## IV. DISCUSSION

Plaintiff's complaint alleges that she experienced unconstitutional conditions of confinement while she was detained in the CCJ in 1995 and 1998. Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773

3

F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

The allegedly unconstitutional conditions of confinement at CCJ, namely the alleged overcrowding, cold meals, poor medical care, lack of recreation, flooded rooms, dirty showers, and soiled linen, would have been immediately apparent to Plaintiff at the time of her detention; therefore, the statute of limitations for Plaintiff's claims expired in 1997 and 2000, respectively, well before this complaint was filed in 2016. Plaintiff has filed her lawsuit too late. Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of her cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing her claim, and there is nothing to indicate Plaintiff filed her claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

As it is clear from the face of the complaint that more than two years have passed since Plaintiff's claims accrued, the complaint is dismissed with prejudice, meaning she may not file an amended complaint concerning the events of 1995 and 1998. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013)

(per curiam) (affirming dismissal with prejudice due to

expiration of statute of limitations).

**V.   CONCLUSION**

For the reasons stated above, the complaint is dismissed with

prejudice  for  failure  to  state  a  claim.  An  appropriate  order

follows.


**March 30, 2017**                          **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                            Chief U.S. District Judge

5